1  Bob L. Olson
   Nevada Bar No. 3783
2  Joshua D. Cools
   Nevada Bar No. 11941
3  Charles E. Gianelloni
   Nevada Bar No. 12747
4  V.R. Bohman
   Nevada Bar No. 13075
5  SNELL & WILMER L.L.P.
   3883 Howard Hughes Parkway, Suite 1100
6  Las Vegas, NV  89169
   Telephone: (702) 784-5200
7  Facsimile:  (702) 784-5252
   Email:  bolson@swlaw.com
8  Email:  jcools@swlaw.com
   Email:  cgianelloni@swlaw.com
9  Email:  vbohman@swlaw.com

10 Attorneys for Defendant
   Experian Information Solutions, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| CHRISTOPHER GULLO, | Case No. 2:16-cv-00547-APG-CWH |
|---|---|
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC.; COAST TO COAST FINANCIAL SOLUTIONS, INC., | Complaint filed:  March 11, 2016 |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Plaintiff Christopher Gullo ("Plaintiff") and Defendant Experian Information Solutions, Inc. ("Defendant") (collectively the "Parties"), through their counsel of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the Parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other confidential information of Plaintiff.

25030604

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any Party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the Party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any Party filing any document under seal must comply with the requirements of Civil Local Rule IA 10-5.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential") shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may

1  not be disclosed to any person other than: (a) the Court and its officers; (b) Parties to this
2  litigation; (c) counsel for the Parties, whether retained outside counsel or in-house counsel and
3  employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact
4  witnesses subject to a proffer to the Court or a stipulation of the Parties that such witnesses need
5  to know such information; (e) present or former employees of the Producing Party in connection
6  with their depositions in this action (provided that no former employees shall be shown
7  documents prepared after the date of his or her departure); and (f) experts specifically retained as
8  consultants or expert witnesses in connection with this litigation.

9        6.  Documents produced pursuant to this Order shall not be made available to any
10 person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to
11 be bound by its terms, and signed the attached Declaration of Compliance.

12       7.  All persons receiving any or all documents produced pursuant to this Order shall
13 be advised of their confidential nature. All persons to whom confidential information and/or
14 documents are disclosed are hereby enjoined from disclosing same to any person except as
15 provided herein, and are further enjoined from using same except in the preparation for and trial
16 of the above-captioned action between the named Parties thereto. No person receiving or
17 reviewing such confidential documents, information or transcript shall disseminate or disclose
18 them to any person other than those described above in Paragraph 5 and for the purposes
19 specified, and in no event shall such person make any other use of such document or transcript.

20       8.  Nothing in this Order shall prevent a Party from using at trial any information or
21 materials designated "Confidential."

22       9.  This Order has been agreed to by the Parties to facilitate discovery and the
23 production of relevant evidence in this action. Neither the entry of this Order, nor the designation
24 of any information, document, or the like as "Confidential," nor the failure to make such
25 designation, shall constitute evidence with respect to any issue in this action.

26       10.  Within sixty (60) days after the final termination of this litigation, all documents,
27 transcripts, or other materials afforded confidential treatment pursuant to this Order, including
28 any extracts, summaries or compilations taken therefrom, but excluding any materials which in

- 3 -

25030604

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1  the good faith judgment of counsel are work product materials, shall be returned to the Producing
2  Party.

3        11.    In the event that any Party to this litigation disagrees at any point in these
4  proceedings with any designation made under this Protective Order, the Parties shall first try to
5  resolve such dispute in good faith on an informal basis in accordance with Civil Local Rule 26-7.
6  If the dispute cannot be resolved, the Party objecting to the designation may seek appropriate
7  relief from this Court.  During the pendency of any challenge to the designation of a document or
8  information, the designated document or information shall continue to be treated as
9  "Confidential" subject to the provisions of this Protective Order.

10       12.    Nothing herein shall affect or restrict the rights of any Party with respect to its own
11 documents or to the information obtained or developed independently of documents, transcripts
12 and materials afforded confidential treatment pursuant to this Order.

13       13.    The Court retains the right to allow disclosure of any subject covered by this
14 stipulation or to modify this stipulation at any time in the interest of justice.

15       14.    Clawback of Privileged Information:  In the event that any Party (the "Discloser")
16 produces material or documents without intending to waive a claim of privilege, the Discloser
17 does not waive any claim of privilege if, within a reasonable amount of time after the Discloser
18 actually discovers that such material or documents were produced, the Discloser notifies all other
19 Parties (the "Recipient(s)") of the inadvertent disclosure of privileged items, identifying the
20 material or documents produced and stating the privilege asserted.  Mere failure to diligently
21 screen documents before producing them does not waive a claim of privilege.

22       If the Discloser asserts that it inadvertently produced privileged items in accordance with
23 this Clawback Agreement, the Recipient(s) must return the specified material or documents and
24 any copies within ten (10) days of the notification. The Recipient(s) must further permanently
25 destroy any electronic copies of such specified material or documents and affirm in writing to
26 counsel for the Discloser of such destruction.

27       In the event that the Recipient(s) contends the documents are not subject to privilege as
28 asserted by the Discloser in accordance with this Clawback Agreement, the Recipient(s) may,

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

25030604

1  following the return and destruction described above, challenge the privilege claim through a
2  Motion to Compel or other pleading with the District Court in which the litigation is currently
3  pending.  The Parties agree that any review of items subject to this Clawback Agreement by the
4  judge shall be an *in camera* review.

5  Should the Recipient(s) not challenge the Discloser's claim of privilege, or should the
6  presiding judge determine that the documents are in fact subject to privilege, the documents, or
7  information contained therein or derived therefrom, may not be used in the litigation or against
8  the Discloser in any future litigation or arbitration brought by the Recipient(s).  Nothing contained
9  within this Clawback Agreement shall be deemed to waive any objection that any Party may wish
10 to assert under applicable state or federal law.

11  15.  Post-Production Designation of Confidential Materials:  In the event the Discloser
12  produces material or documents intending them to be designated "Confidential," the Discloser
13  does not waive any claim of confidentiality if, within a reasonable amount of time after the
14  Discloser actually discovers that such material or documents were produced without the
15  "Confidential" designation, the Discloser notifies all Recipient(s) of the inadvertent disclosure of
16  confidential items, identifying the material or documents produced and stating the produced
17  documents were inadvertently not marked as "Confidential."  Mere failure to diligently screen
18  documents before producing them does not waive a claim of confidentiality.

19  If the Discloser asserts that it inadvertently produced confidential documents not marked
20  as "Confidential," the Recipient(s) must return the specified material or documents and any
21  copies within ten (10) days of the notification.  Within ten (10) days of receipt of the returned

22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

25030604

1  specified material or documents, the Discloser must mark the specified material or documents as
2  "Confidential" and re-serve them on the Recipient(s).  Upon re-receipt of specified material or
3  documents now marked "Confidential," the Recipient(s) must further permanently destroy any
4  electronic copies of such specified material or documents that were inadvertently not marked
5  "Confidential" and affirm in writing to counsel for the Discloser of such destruction.
6  　　　　DATED this __17th__ day of October 2016.

SNELL & WILMER L.L.P.                                  SPARTAN LAW, LLC

By: */s/ Joshua D. Cools*                              By: */s/ Danny Horen*
　　Bob L. Olson, Esq.                                    　　Danny Horen, Esq.
　　Joshua D. Cools, Esq.                                　　7854 West Sahara Avenue
　　Charles E. Gianelloni, Esq.                         　　Las Vegas, NV 89117
　　V.R. Bohman, Esq.
　　3883 Howard Hughes Parkway, Suite 1100    *Attorneys for Plaintiff Christopher Gullo*
　　Las Vegas, NV 89169

*Attorneys for Defendant Experian Information
Solutions, Inc.*

**ORDER**

**IT IS SO ORDERED**.

_____
U.S. DISTRICT COURT JUDGE

DATED this October 18, 2016 2016.

- 6 -

25030604